**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01607-CMA-KMT

SYMPLIFIED, INC., a Delaware Corporation,

       Plaintiff/Counter-Defendant,

v.

SAFENET, INC., a Delaware Corporation,

       Defendant/Counter-Plaintiff.

_____

**PROTECTIVE ORDER**
_____

It appearing that certain information, documents, and things of the parties subject to discovery in this action will contain, embody or reflect a trade secret or non-public, confidential, proprietary, or sensitive research, know-how, or development or technical, personal, business, financial or commercial information, or other information otherwise covered by a legitimate right or interest of privacy, within the meaning of F.R.C.P. 26(c), the laws of the United States, or other applicable laws (hereinafter individually and collectively referred to as "Confidential Information"), and in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding claims of Confidential Information, and to preserve the parties' interests in their Confidential Information without duly encroaching upon the public's right to be informed of judicial proceedings, and recognizing that a party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, and the parties representing that their counsel are familiar with the laws relating to the protection of such Confidential Information, and acknowledging the importance of access by the

opposing party to information important to the decision-making of the parties in the prosecution or defense of the litigation, the Court enters the following Protective Order pursuant to F.R.C.P. 26(c) to provide access by the Parties to such Confidential Information, subject to certain protective provisions hereinafter set forth.

**FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:**

1. This Order shall apply to all Confidential Information that is the subject of discovery or testimony in this action. Discovery materials and testimony as to which a disclosing party or non-party has an interest and as to which confidentiality is asserted in good faith and not (1) to impose any burden or delay on an opposing party, or (2) for tactical or other advantage in litigation, upon designation of the Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, shall be treated pursuant to the provisions of this Order. For purposes of this Order, disclosing non-parties shall have the same rights and obligations as a disclosing party.

(a) **Discovery materials produced pursuant to F.R.C.P. 34**. Documents and other discovery materials produced pursuant to F.R.C.P. 34 shall be designated as Confidential Information prior to disclosure by labeling such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY CONFIDENTIAL legend stamped or affixed thereto, or by a manner mutually agreeable to the Parties if the materials cannot be readily so labeled. If a disclosing party or non-party thereafter determines that it inadvertently failed to properly designate or label Confidential Information, it may do so by giving prompt and timely notice to the receiving party, who shall thereafter treat the materials pursuant to the provisions of this Order.

(b) **Oral or written deposition taken pursuant to F.R.C.P. 30 or 31**. Any disclosing party or non-party may designate testimony on oral or written deposition taken pursuant to F.R.C.P. 30 or 31 as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Order by:

    (i) so stating on the record during the deposition, or

    (ii) by notifying the other party in writing of the portions of such testimony to be so designated within fourteen (14) days of receipt of the transcript by the deponent or the deponent's counsel, which ever is earlier.

Testimony designated during the deposition shall be treated as HIGHLY CONFIDENTIAL until such written notification is received, or if no written notification is provided, until the expiration of the fourteen (14) day period.

With regard to designations made during the deposition, the designating party shall have the right to exclude from the deposition all persons not entitled under this Order to view or receive such Confidential Information before the taking of such testimony. If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all Parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the CONFIDENTIAL or HIGHLY CONFIDENTIAL legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter.

(c) **Responses to interrogatories under F.R.C.P. 33**. Responses to interrogatories under F.R.C.P. 33 shall be designated as Confidential Information prior to disclosure by labeling

such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY CONFIDENTIAL legend stamped or affixed thereto, or by a manner mutually agreeable to the Parties if the materials cannot be readily so labeled. If a disclosing party or non-party thereafter determines that it inadvertently failed to properly designate or label an interrogatory response under F.R.C.P. 33 CONFIDENTIAL or HIGHLY CONFIDENTIAL it may do so by giving prompt and timely notice to all Parties, who shall thereafter treat the materials pursuant to the provisions of this Order.

2.   This Order does not affect or alter a disclosing party's rights to refuse to disclose information properly subject to the attorney-client privilege or the attorney work product doctrine. If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the producing party may give prompt and timely written notice to the receiving party that the document is subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, and request that the discovery be returned to the producing party. The receiving party shall promptly return to the producing party such discovery. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action for reasons other than a waiver caused by the inadvertent production.

3. A disclosing party may produce materials in redacted form, redacting only information that is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, and shall make the notation "REDACTED," or other similar notation, on each redacted portion of the document. Where a party receiving redacted materials has good cause to believe that the redacted information is subject to disclosure, the Parties shall attempt to resolve any dispute without intervention by the Court. Should the Parties be unable to resolve their dispute regarding redacted information, the party objecting to the redaction shall have the burden in any motion brought before the Court to show why the redaction is improper.

4. Access to all materials designated with the CONFIDENTIAL or HIGHLY CONFIDENTIAL legend shall be restricted as set forth below.

(a) <u>Access to CONFIDENTIAL materials</u>. Access to all materials designated with the CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

    (i) attorneys and agents in outside law firms who are formally and presently counsel of record and who are thus formally and presently representing any party as outside counsel of record (and their necessary support staff);

    (ii) management-level employees of the receiving party;

    (iii) outside vendors for a party or their outside counsel of record who perform photocopying or other clerical functions;

    (iv) independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts;

    (v) the Court and its personnel, and court reporters;

(b) <u>Access to HIGHLY CONFIDENTIAL materials</u>. Confidential Information may be designated with the HIGHLY CONFIDENTIAL legend if the disclosing party believes in good faith that the information should not be disclosed to any management-level employee of the receiving party within the provision of paragraph 4(a)(ii) because disclosure of such could have a significant adverse impact on the disclosing party's business, financial condition, ability to compete, or standing in the industry. Such information includes, without limitation, trade secrets, future business plans, financial analyses and projections, contractual relationships with third parties, the identification of customers and suppliers, materials relating to on-going research and development efforts and future products and technical materials used solely for internal purposes in connection with development, production, engineering, or sales training. Access to all materials designated with the HIGHLY CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(i) attorneys and agents in outside law firms who are formally and presently counsel of record and who are thus formally and presently representing any party as outside counsel of record (and their necessary support staff);

(ii) no more than two (2) in-house counsel of SafeNet and no more than one (1) specifically-designated chief financial officer of Symplified who performs case management functions (collectively, "Client Representatives"), provided that they may use materials designated with the HIGHLY CONFIDENTIAL legend only in connection with this litigation and not for unrelated business purposes and that disclosure to Client Representatives only be made pursuant to the procedure described in this Section 4(b). Promptly following the entry of this Order, the parties shall have their respective

designated Client Representative(s) sign the authorization attached as Exhibit A, certifying their agreement to abide by the terms of this Order with respect to any materials designated HIGHLY CONFIDENTIAL. A copy of the authorization will be provided to opposing counsel promptly and in any event prior to disclosure of HIGHLY CONFIDENTIAL materials to a Client Representative;

 (iii) outside vendors for a party or their outside counsel of record who perform photocopying or other clerical functions;

 (iv) independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts, provided that they sign the authorization attached as Exhibit A, certifying their agreement to abide by the terms of this Order with respect to any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL (which shall be retained by counsel and provided to opposing counsel upon request or within 30 (thirty) days of settlement or the final termination of this action, including all appeals);

 (v) the Court and its personnel, and court reporters;

(c) Any information designated with the CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 4(a)(i)-(v) above, and any information designated with the HIGHLY CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 4(b)(i)-(v) above unless:

(i) the disclosure is to an author or an addressee or recipient on the face of a document being disclosed who is not otherwise shown prior to such disclosure to have failed to author or receive the document;

(ii) the disclosure is to a person who received or saw the information, or who can otherwise be shown to have known or possessed the information, prior to the disclosure;

(iii) the disclosure is to a person who participated in any meeting or communication to which the information refers, or to whom the information refers;

(iv) the disclosing party assents in advance in writing to such disclosure; or

(v) the Court otherwise directs.

When Confidential Information of a disclosing party is stored, kept, or accessible by a receiving party or otherwise located outside of the United States, the receiving party shall take sufficient steps to prevent persons not permitted by this Order to receive or view such information from accessing, receiving or viewing the information, including, but not limited to, physically securing, segregating, or limiting access to such information.

5. This Order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure or standing orders of this Court with respect to discovery disputes.

(a) **Modification of Order**. In the event that a party shall desire to provide access to Confidential Information hereunder to any person or category or persons not included in paragraph 4 hereof, or prohibit access to Confidential Information by the same, and if the designating party objects thereto, the party may move this Court, in compliance with such Rules

and orders and consistent with the other terms and provisions of this Order, for an order modifying the Order to provide or restrict access to the Confidential Information. The moving party shall have the burden of demonstrating good cause for modification of the Order.

(b) **Modification of Designation**. A party may request a designating party to withdraw or alter a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation for specific material. Such request may include a written request to counsel for the designating party that the designating party produce redacted copies of specifically identified materials [by Bates production number or otherwise] with the Confidential Information therein redacted, and shall specify redaction to permit review of the redacted documents as CONFIDENTIAL-designated documents or as documents without any designation. Within five (5) days of the receipt of such request for redaction of Confidential Information, the designating party shall produce the requested redacted materials/documents. Within five (5) days of receipt of such redacted materials/documents, the receiving party's counsel shall either (a) confirm in writing that the redactions are acceptable, or (b) provide written objection to the redaction, as well as proposed modifications to the redactions. In the event of an objection to the redactions, within five (5) business days after delivery of the written objections, counsel will meet and confer to resolve the scope of the redactions and, if they are unable to reach a mutually satisfactory resolution, a motion for re-designation may be filed with the Court in compliance with such Rules and orders applicable to discovery disputes, and otherwise consistent with the other terms and conditions of this Order. In the event of a challenge, the party that redacted the material shall have the burden of proof to justify the redactions.

6. All Confidential Information obtained by one party from another party or non-party in the course of this lawsuit and subject to this Order shall be used by the receiving party solely for the preparation and trial of this lawsuit, and for no other purpose.

7. Confidential Information identified in accordance with this Order shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs; provided, however, that if a party believes Confidential Information is important to such pleading, motion, or brief, then, pursuant to any applicable Local Rule such information may, be filed under seal with the Court.

8. Within thirty (30) days of settlement or final termination of this action, including all appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, the attorneys for each party, upon request, shall assemble and destroy or return to the disclosing party all document and things containing Confidential Information produced by that party, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control, except that outside counsel of record shall be entitled to retain one (1) copy of all litigation documents, including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing Confidential Information, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the disclosing party, or an order of this Court or another court of competent jurisdiction, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with the terms and conditions of this Order, during the course of this action.

9. This Order shall remain in full force and effect unless modified or terminated by the Court and shall survive and remain in full force and effect after the termination of this action. Termination of this action shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

10. This Order shall not preclude another court or tribunal from finding that information designated confidential in the case may be subject to disclosure in that case, notwithstanding the existence of this Order or its provisions. Any person or party subject to this Order who is subject to a motion to disclose another party's information designated confidential pursuant to this Order, shall promptly notify that party of the motion so that it may have a full and adequate opportunity to appear and be heard on whether that information should be disclosed.

11. The Court retains jurisdiction for purposes of enforcing the terms of this Order at any time after termination of this action.

THE COURT, having reviewed the Protective Order and being fully advised in the premises and good cause shown therefor, HEREBY ORDERS that the Protective Order shall be and hereby is GRANTED.

DONE this 15th day of November, 2011.

BY THE COURT

_____
MAGISTRATE JUDGE

## **EXHIBIT A**

## **IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01607-CMA-KMT

SYMPLIFIED, INC., a Delaware corporation,

    Plaintiff/Counter-Defendant,

v.

SAFENET, INC., a Delaware corporation,

    Defendant/Counter-Plaintiff.

___

## **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**
___

    I acknowledge that I have been given a copy of, read, and understand the Protective Order (the "Order") entered in the above-captioned lawsuit.

    I further acknowledge and agree to comply with the terms of the Order and be bound by it. I acknowledge, understand, and agree that by receiving Confidential Information hereunder, I am subject to penalty for contempt of Court for any violation of the terms of the Order.

Dated: _____

_____
Name of Individual to whom disclosure will be made

_____
Complete Mailing and Email Addresses, Phone and fax numbers